# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH RABE, JOHN NANCE, RITA ALLEN, LLOYD STABER, SR., and ROSEMARY ROBERTS, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>MERCK & CO., INC., WALGREEN CO., d/b/a WALGREENS, EXPRESS SCRIPTS, INC., and AMERICAN DRUG STORES, INC., d/b/a OSCO DRUGS, <br><br>　　　　　Defendants. | CIVIL NO. 05-363-GPM |

**and**

| | |
|---|---|
| JOYCE MORGAN, GLORIA KING, CHARLES HESSLING, DOROTHY NEFF, JAMES PATTERSON, and HUGH HOGGINS, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>MERCK & CO., INC., WALGREEN CO., d/b/a WALGREENS, K-MART CORPORATION, K-MART CORPORATION OF ILLINOIS, INC., MEDCO HEALTH SOLUTIONS, INC., and CVS PHARMACY, INC., <br><br>　　　　　Defendants. | CIVIL NO. 05-378-GPM |

## MEMORANDUM AND ORDER


**MURPHY, Chief District Judge:**

These two actions, dealing with the prescription drug Vioxx, are set for a hearing on Plaintiffs' motions to remand on Monday, August 29, 2005. Defendants have moved to continue the hearing because of a scheduling conflict. The Court has already reviewed the parties' submissions, however, and concludes that oral argument would add nothing and only result in the expenditure of more time and expenses by all involved. Accordingly, the hearing is canceled, and these actions are remanded to the state courts from which they came for the reasons explained below.

## BACKGROUND

The *Rabe* action was filed in St. Clair County, Illinois, on April 12, 2005. The *Morgan* action was filed in Madison County, Illinois, on the same day. The state court complaints assert claims for strict products liability (defective design, failure to warn, and sale of defective product), negligent design, negligent failure to warn, deceptive trade practices, negligent misrepresentation, fraudulent omission/concealment, common law fraud, and breach of warranty.

Both actions were removed to this Court by Merck – *Rabe* on May 20, 2005, and *Morgan* on May 26, 2005. The notices of removal are virtually identical – Merck asserts that diversity jurisdiction exists – if the Court can disregard the plaintiffs who have been "misjoined" and local defendants who have been "fraudulently joined."

## ANALYSIS

It is fundamental that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). For this

reason, district courts must "interpret the removal statute narrowly," and any doubt regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As the party seeking to invoke the Court's jurisdiction, Merck bears the burden of proving the existence of federal subject matter jurisdiction by "competent proof," *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995), which means "proof to a reasonable probability that jurisdiction exists." *Target Market Publishing, Inc. v. ADVO, Inc.*, 136 F.3d 1139, 1142 (7th Cir. 1998).

In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936). In deciding whether a defendant has been fraudulently joined, a federal court "must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). As recognized by the Seventh Circuit Court of Appeals in *Poulos*, "[a]n out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder." *Id.*

As the parties note, this Court has ruled on the issue of the fraudulent joinder of local pharmacy defendants in several recent cases. (*See McQuay v. Merck & Co., Inc.*, Cause No. 05-038-GPM; *Brame v. Merck & Co., Inc.*, Cause No. 05-034-GPM; *Karwoski v. Merck & Co., Inc.*, Cause No. 05-127-GPM; *see also Donohoo v. Merck & Co., Inc.*, Cause No. 05-166-GPM; *Jackson v.*

*Merck & Co., Inc.*, Cause No. 05-167-GPM.) These cases are no different. Do the plaintiffs have a *claim* against the local defendants? The answer is YES – they assert that these defendants breached the implied warranty of merchantability and are liable for strict products liability and negligent failure to warn. Is there *any reasonable possibility* that the state court would rule against these defendants? Again, the answer is YES – in certain cases, a pharmacy can be liable for negligent failure to warn, negligent undertaking to warn, and strict liability. For example, Plaintiffs *may* show that the pharmacy defendants had special knowledge of their medical condition or that they undertook to warn them and provided inaccurate information. The Court also disagrees with Merck that the Illinois Supreme Court's decision in *Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296 (Ill. 2003), eliminates any argument that the sale of drugs is a "sale of goods" within Article 2 of the Illinois Commercial Code. *See, e.g., Garcia v. Edgewater Hosp.*, 613 N.E.2d 1243 (Ill. App. Ct. 1st Dist. 1993). *Brandt* involved the surgical implantation of a medical device during medical treatment at a hospital. Such facts are quite removed from the sale of a prescription by a pharmacy. In a nutshell, Merck has failed to meet its heavy burden to establish fraudulent joinder.

Moreover, Merck's reliance on the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), is wrong. *See also In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). This Court is familiar with the misjoinder doctrine, but it is quite confident that whatever precedential value *Tapscott* may have elsewhere, it has none in the Seventh Circuit.

As stated in the other Vioxx cases which this Court has previously remanded, the Court will not allow a case over which it lacks jurisdiction to sit on its docket until a decision is reached by the

Judicial Panel on Multidistrict Litigation, especially after the Court of Appeals' decision in *Illinois Municipal Retirement Fund v. CitiGroup, Inc.*, 391 F.3d 844, 851 (7th Cir. 2004) ("We find nothing absurd in district courts individually evaluating their own jurisdiction.").

Finally, the Court refuses to sever the claims as Defendants' request, and those motions are denied. Plaintiffs are entitled to recover their costs in seeking remand to state court, *see Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000), and the request for fees and costs is granted.

## CONCLUSION

For the foregoing reasons, the hearings set on **Monday, August 29, 2005**, are **CANCELED**, and the motions to remand are **GRANTED**. The *Rabe* action is **REMANDED** to the Circuit Court for St. Clair County, Illinois, and the *Morgan* action is **REMANDED** to the Circuit Court for Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c). The motions to stay all proceedings and to sever are **DENIED**, and the motions to continue hearing on Plaintiffs' motions to remand are **DENIED as moot**. Plaintiffs' counsel shall file an affidavit setting forth the fees and costs incurred as a result of the removal on or before **September 9, 2005**.

**IT IS SO ORDERED.**

DATED: 08/25/05

                                          s/ G. Patrick Murphy
                                          G. PATRICK MURPHY
                                          Chief United States District Judge