**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RALPH RABE, JOHN NANCE, RITA ALLEN, LLOYD STABER, SR., and ROSEMARY ROBERTS,  )<br>)<br>)<br>)<br>   Plaintiffs,   )<br>)<br>vs.   )<br>)<br>MERCK & CO., INC., WALGREEN CO., d/b/a WALGREENS, EXPRESS SCRIPTS, INC., and AMERICAN DRUG STORES, INC., d/b/a OSCO DRUGS,   )<br>)<br>)<br>)<br>)<br>   Defendants.   ) | CIVIL NO. 05-363-GPM |

**and**

| | |
|---|---|
| JOYCE MORGAN, GLORIA KING, CHARLES HESSLING, DOROTHY NEFF, JAMES PATTERSON, and HUGH HOGGINS,   )<br>)<br>)<br>)<br>)<br>   Plaintiffs,   )<br>)<br>vs.   )<br>)<br>MERCK & CO., INC., WALGREEN CO., d/b/a WALGREENS, K-MART CORPORATION, K-MART CORPORATION OF ILLINOIS, INC., MEDCO HEALTH SOLUTIONS, INC., and CVS PHARMACY, INC.,   )<br>)<br>)<br>)<br>)<br>)<br>   Defendants.   ) | CIVIL NO. 05-378-GPM |

# **ORDER**

**MURPHY, Chief District Judge:**

These actions are again before the Court on Plaintiffs' compliance with the Court's August 25, 2005 remand order awarding costs. Merck has filed a memorandum in opposition to the request for imposition of fees and the amount requested.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir. 2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, and Merck contends that it has rebutted the presumption.

The Court stands by its analysis and conclusion that the removal was improper. While Merck may feel justified in its attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. The Court has reviewed the fees and expenses sought and finds them to be reasonable.

For the foregoing reasons, Plaintiff Rabe is awarded fees and costs in the amount of $12,870.00; Plaintiff Morgan is awarded fees and costs in the amount of $2,195.00. Merck is

**ORDERED** to pay these amounts **on or before October 24, 2005**.

 **IT IS SO ORDERED.**

 DATED:  10/03/05

               <u>s/ G. Patrick Murphy     </u>
               G. PATRICK MURPHY
               Chief United States District Judge